GOODE, Respondent, vs. BARR, imp., Garnishee, etc., Appellant.

*December 4—December 23, 1885.*

*Garnishment.*

W. occupied certain land, claiming an interest therein, but the legal title was in B., who sold and conveyed the land to R. for $5,000; $2,000 in cash, and balance on time. B., to settle the claim of W., and to obtain surrender of possession, directed R. to pay her a sum

not exceeding $1,000, the payment to her to be credited on the deferred payments. R. paid her $300, but no more was paid to her by R. or B., and there was no proof that either of them agreed to pay her any more, or that she agreed to surrender possession of the land, and she in fact retained such possession. *Held,* that B. was not liable as a garnishee of W.

APPEAL from the Circuit Court for *Grant* County.

The following statement of the case was prepared by Mr. Justice TAYLOR, as a part of the opinion:

The respondent brought an action against Mary J. Wilkinson to recover a debt due upon contract, and garnished the appellant, *Frank Barr. Barr* answered in the garnishee action, and denied all indebtedness and liability as garnishee. The respondent took issue upon the answer. The issue in the garnishee action was tried in the circuit court by the judge without a jury. Charles Roselip and the appellant were the only witnesses called on the trial. The court found the following facts and conclusions of law: "That on or about the ——— day of ———, 1884, the defendant, Mary J. Wilkinson, was living upon and occupying the N. E. ¼ of section No. 33, in town 3, range 1 W., in said Grant county, claiming some right thereon; that the legal title to said lands was then in the defendant *Frank Barr;* that on said day said *Barr* sold and conveyed said land to said Roselip for the sum of $5,000; $2,000 to be paid March 1, 1885, and the remainder thereafter at a time named, which it is not material to find or state; that said *Barr,* for the purpose of settling the claims of said Mary J. Wilkinson to said lands, and to obtain a peaceable surrender of possession thereof by her, directed said Roselip to pay to her a sum not exceeding $1,000 of the said purchase money, to take her receipt for such money as he might pay her, not exceeding said sum, which receipt said *Barr* would accept as payment made towards such purchase money; that immediately thereafter said Roselip did pay to said Mary J. Wilkinson

$300 of said sum; that no part of the remaining $700 had been paid by said *Barr* or said Roselip to said Mary J. Wilkinson at the time of the service of·the garnishee summons in this action, or to any person for her use; and that a sum then remained unpaid more than the amount claimed or demanded in the garnishee proceedings herein."

And as a conclusion of law the court found "that said Charles Roselip was not indebted to said Mary·J. Wilkinson at the time of the service of the garnishee process in this cause, and judgment is hereby ordered discharging said Charles Roselip as such garnishee; and that said *Frank Barr* was indebted to said Mary J. Wilkinson, at the date of the service of said garnishee summons on him, in a sum exceeding the sum of ——— dollars; that is to say, in at least the sum of ——— dollars. And judgment is hereby ordered that said *Frank Barr* pay to said Charles Goode the sum of $86.08, the amount of the judgment recovered by said plaintiff in the principal action against said defendant Mary J. Wilkinson for damages and costs, together with the costs of the plaintiff in this garnishee proceeding."

The appellant excepted to the findings of fact and conclusion of law, and, judgment having been entered in favor of the respondent, *Barr* appealed to this court.

For the appellant there was a brief by *Bushnell & Watkins,* and oral argument by *Mr. Bushnell.*

For the respondent there was a brief by *Carter & Cleary,* and oral argument by *Mr. Carter.*

TAYLOR, J. We think the findings of fact are sustained by the evidence given on the trial, and the only important question in the case is whether such findings sustain the conclusion of law, viz., that the appellant was indebted to Mary J. Wilkinson at the time of the service of the garnishee summons in any amount whatever.

After a careful consideration of the findings of fact, we

do not think there is any ground for saying that upon such facts there is shown to be any indebtedness on the part of *Barr* to Mrs. Wilkinson. All that is found is that the appellant, *Barr*, authorized Roselip to pay Mrs. Wilkinson a sum not exceeding $1,000 in order to settle her claim to the land and to obtain from her the peaceable surrender of the possession of the lands sold by him to Roselip; that Roselip did pay her $300, and *Barr* sanctioned such payment by Roselip, and credited him for that sum on the contract for the sale of the land.

The test as to whether the garnishee should be held liable to the respondent is whether the facts found, if found in an action between Mrs. Wilkinson and *Barr*, would have entitled her to a judgment against him. To us it seems perfectly apparent that in an action by Mrs. Wilkinson, a complaint stating only the facts found by the court in this case must have been held bad as not stating facts sufficient to constitute a cause of action. To have entitled her to recover, she would have been compelled to allege, under the authority conferred upon Roselip by *Barr*, that Roselip had offered to pay her the sum of $1,000, or some other less sum, for her claim upon said land, and in consideration that she would surrender peaceable possession thereof to said Roselip; that she had accepted such offer, and was ready and willing to perform the agreement on her part, offering to release her claim and surrender the possession. Certainly nothing short of this would have made out a cause of action on her part against *Barr*, and it is probable that, before commencing an action, she would have been compelled to tender a release, and surrender the actual possession to Roselip. Roselip was also a garnishee in this case, and the court discharged him because there was no evidence that he had agreed with Mrs. Wilkinson to pay her any sum of money beyond the $300 he did in fact pay her, and at the same time held the appellant liable on the ground that in some

way, through the agency of Roselip, he had bound himself to pay Mrs. Wilkinson the $1,000. There is not a particle of evidence in the case tending to show that Roselip ever informed Mrs. Wilkinson of the direction *Barr* had given him in regard to the payment of the $1,000, or that he agreed to pay her any sum other than the $300 paid, or that she ever agreed to release her claim to the land and surrender peaceable possession on being paid such sum, or any other sum. And the fact appeared on the trial that she was still in possession of the house on the land.

The learned counsel for the respondent urges that upon the evidence it is clear that Mrs. Wilkinson could have recovered against *Barr* on the ground that his statement to Roselip was an admission of indebtedness to her of the sum of $1,000. We do not so understand the evidence, and it is evident the learned circuit judge did not so understand it when he made his findings. The utmost that can be said in favor of Mrs. Wilkinson is that Roselip was authorized by *Barr* to offer her $1,000 for a release of all claim to the land and the surrender of the possession; and it is idle to say that she can recover upon this authorized offer without alleging and showing that such authorized offer was in fact made to her by Roselip, that she accepted the offer, and was ready and willing to perform on her part.

We think the court erred in holding that there was anything due from the appellant to Mrs. Wilkinson when the garnishee summons was served.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to the circuit court to enter judgment for the appellant.